# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LARRY MICHAEL FERGUSON, )<br>#273778, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>ANGELIA PINKNEY, CAPTAIN )<br>AND DISCIPLINARY HEARING )<br>OFFICER (DHO) AT LEE )<br>CORRECTIONAL INSTITUTION; )<br>ANN HUGHES, MAJOR AT LEE )<br>CORRECTIONAL INSTITUTION; )<br>CALVIN ANTHONY, WARDEN )<br>OF LEE CORRECTIONAL )<br>INSTITUTION; AND JOHN   )<br>OZMINT, DIRECTOR OF SCDC, )<br>  )<br>Defendants. )<br>_____) | Civil Action No. 0:04-1248-RBH-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 19, 2005. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 20, 2005, advising Plaintiff of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff was subsequently granted an extension of time to June 6, 2005 to file his response to the motion for summary judgment. Plaintiff thereafter filed a memorandum on June 7, 2005, in



which he primarily complains about not being provided adequate discovery and legal resources, but which does not appear to be a direct response to the motion for summary judgment.[1]  Defendants' motion is now before the Court for disposition.[2]

## Background and Evidence

Plaintiff alleges in his verified amended Complaint[3] that on September 4, 2002 he and other inmates were charged with a violation of SCDC Policy 2.12, inciting/creating a disturbance, a Class 2 offense.  Plaintiff alleges that at that time he was the only white inmate being locked up.  Plaintiff alleges that the next day, September 5, 2002, he was served with a preliminary hearing detention notice informing him that he would appear before the Classification Committee within seven (7) days of his placement on prehearing detention.

Plaintiff alleges that, during this time, he submitted a request to staff member form requesting that he receive assistance from a law clerk and to "call forth my witnesses."  Plaintiff alleges that his requests were refused because of a "directive from the Warden and headquarters did not give us anything."  Plaintiff also complains that while on prehearing detention he was denied

---

[1]Plaintiff has also filed an interlocutory appeal to the Fourth Circuit, in which he complains about his ability to have effectively litigated this case. However, for the reasons set forth herein, Plaintiff's case is subject to dismissal notwithstanding any issues relating to discovery or legal resources.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  The Defendants have filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).  Plaintiff has filed a verified Complaint.  Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



personal incoming mail and other privileges, such as hygiene supplies, cleaning supplies, or even a mattress.

Plaintiff alleges that on September 11, 2002 he was taken to a holding cell in the SMU (Special Management Unit), where a "Mr. Black" (a classification caseworker) told him that he was Plaintiff's counsel's substitute, and asked how Plaintiff would plead. Plaintiff alleges that he told Black he would plead not guilty, at which time Black told him that the Defendant Pinkney (a hearing officer) had said that whoever was not pleading guilty would be "security detentioned" for six months. Plaintiff alleges that Black then asked him again how he would plead, at which time Plaintiff said he would plead guilty since he had no choice.

Plaintiff alleges that when he subsequently appeared before the Disciplinary Board, Pinkney was the hearing officer. Plaintiff alleges that the charging employee (Sergeant "Bay Boy"), as well as two other officials, were also present, all of whom were African-American. Plaintiff alleges that counsel substitute Black presented no defense, and that as a result he [Plaintiff] lost thirty (30) days good time and an additional twenty (20) days as a result of this charge. Plaintiff alleges he also lost forty-five (45) days of telephone usage. However, Plaintiff complains that, right before his hearing, two African-American inmates appeared on the same charge before the same Board, pled not guilty, and received a lesser sentence. Plaintiff alleges that other African-American inmates also did not receive the same sentence that he did. Plaintiff alleges that on September 20, 2004 he was taken before the Defendant Ann Hughes (a major) and was security detentioned for six (6) months (and that he stayed for seven (7) months).

Plaintiff alleges that he appealed both of these procedures , but that the appeal on the disciplinary proceeding was "unprocessed and returned" pursuant to SCDC policy GA-01.12, while



the other appeal was ultimately dismissed for failure to perfect the appeal. Plaintiff alleges that the reason his appeal was not perfected was because he was placed in the "super max" and was thereby prevented from effecting service.

Plaintiff requests that his conviction be vacated, his good time restored, and that he be awarded monetary damages. See generally, verified Complaint.

In support of summary judgment in the case, the Defendant Pinkney has submitted an affidavit wherein she attests that she was the hearing officer assigned to Plaintiff's disciplinary hearing, which was held on or about September 11, 2002. Pinkney attests that she explained the charges to the Plaintiff, and explained Plaintiff's right to be present at the hearing. Pinkney attests that Plaintiff requested a counsel substitute, received one, and pled guilty. Pinkney attests that Sergeant Brayboy was the charging officer, and that Vincent Black was present on behalf of the Plaintiff as an inmate representative. Pinkney attests that Plaintiff was found guilty of being a participant in and citing/creating a disturbance. See generally, Pinkney Affidavit with Attached Exhibits [copy of incident report and hearing record]. Of particular significance to Plaintiff's claim, the records attached to Pinkney's affidavit confirm that, in addition to other sanctions, Plaintiff was sentenced to a loss of thirty (30) days good time.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party



4

must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review of the arguments and evidence which have been presented to this Court, the undersigned concludes that this action is subject to dismissal, without prejudice. Specifically, Defendants argue, inter alia, that this matter is subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994), and the undersigned agrees.

Heck, in pertinent part, states:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck, 512 U.S. at 486-487.

While Heck involved a conviction, the holding in Heck applies equally to cases which question the validity of an internal prison disciplinary conviction and sanction that affects the length of an inmate's overall sentence, such as those involving good time credits. See Black v. South Carolina Department of Corrections, et al., C/A No. 0:98-1858-22 [order of the Honorable Cameron McGowan Currie, filed March 2, 2000]. Plaintiff seeks monetary damages in this case for his disciplinary conviction, as well as restoration of his lost good time credits. Therefore, since Plaintiff



has not had his disciplinary conviction overturned, he cannot seek relief under § 1983 in this Court. Black, supra; see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) [holding that a prisoner cannot bring a § 1983 claim challenging a disciplinary proceeding resulting in a loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed]; Pierce v. Freeman, No. 95-7031, 1997 WL 467533 (4th Cir. Aug. 15, 1997)121 F.3d 699  (4th Cir. 1997) [holding that prisoner cannot proceed on § 1983 claim challenging the validity of a disciplinary proceeding resulting in the deprivation of good time credits]; *cf.* Prince v. Sheffler, No. 05-223, 2005 WL 1847082 (S.D.Ill. Aug. 3, 2005) [discussing § 1983 claim versus habeas relief after Wilkinson v. Dotson, 125 S.Ct 1242 (2005)].

Since, under Heck, Plaintiff cannot pursue this matter through a § 1983 action until and unless his underlying disciplinary conviction has been reversed, expunged, or declared invalid, this case must be dismissed.[4]

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, pursuant to Heck v.

---

[4]Defendants also discuss as part of their brief in support of summary judgment issues relating to Plaintiff's conditions of confinement. However, while Plaintiff references his dissatisfaction with the conditions of his confinement in the text of his Complaint, he has asserted no cause of action relating to the conditions of his confinement in this lawsuit, nor does he seek any relief related to any such claim.



Humphrey.

        The parties are referred to the Notice Page attached hereto.

                                            Bristow Marchant
                                            United States Magistrate Judge

Columbia, South Carolina

September 1, 2005

7

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
&
The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

<u>See</u> <u>also</u> <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See <u>Wright</u>, <u>supra,</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
